IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEE ROY CHANEY, #288722, | § § § § § § § § § § § | |
| Petitioner, | | |
| V. | | No. 3:23-cv-64-G-BN |
| STATE OF TEXAS, | | |
| Respondent. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Lee Roy Chaney, an inmate at the Ellis County jail, initiated this action through a Pro se Motion for Writ of Mandamus [Dkt. No. 3], requesting that this Court direct a state court in Ellis County to rule on his *pro se* motions in that proceeding.

Senior United States District Judge A. Joe Fish referred Chaney's filing to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The federal mandamus statute provides to the district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or agency of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

As this language makes clear, "the authority of district courts to issue a writ of mandamus pursuant to § 1361 only extends to federal officers, employees, or agencies." *Cowell v. Shames & Bynum, P.C.*, No. 1:17cv1207 (CMH/TCB), 2017 WL

8786970, at *1 (E.D. Va. Dec. 5, 2017) (citations omitted).

So "[f]ederal courts lack the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties." *Moore v. 204th Dist. Ct.*, No. 3:08-cv-2281-D, 2009 WL 3150983, at *3 (N.D. Tex. Sept. 29, 2009) (citing *Moye v. Clerk, Dekalb Cnty. Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973)).

The Court therefore lacks jurisdiction over Chaney's request for mandamus relief.

But, anticipating that Chaney may appeal any dismissal of this lawsuit, the Court should also find that the provisions of the Prison Litigation Reform Act (the PLRA) do not apply to this action.

Because "a writ of mandamus 'is not an independent civil action, but may be considered a type of appeal,' ... the nature of the underlying action [determines] the applicability of" provisions such as the [PLRA] amendments to 28 U.S.C. § 1915. *In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998) (per curiam) (quoting *In re Stone*, 118 F.3d 1032, 1033 (5th Cir. 1997)); *see, e.g., In re Jacobs*, 213 F.3d 289, 289 (5th Cir. 2000) (per curiam) ("The nature of the underlying action determines whether the fee requirements of the PLRA are to apply in mandamus cases. [If] the underlying action [ ] is a civil case, the PLRA fee requirements apply." (citations omitted)).

The action underlying Chaney's writ is a state criminal proceeding, so this mandamus proceeding should not be classified as a civil action subject to the PLRA. *See, e.g., Banks v. Hornak*, 698 F. App'x 731, 738 (4th Cir. 2017) ("[P]etitions filed in underlying *civil* proceedings are 'civil actions' but those filed in underlying *criminal*

proceedings are not." (citing *Stone*, 118 F.3d at 1034 & n.2; citations omitted)).

## Recommendation

The Court should dismiss this action for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 6, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE